IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZAESLIV H. OBAMA, also known as § | | |
| SHANTA Y. CLAIBORNE, § | | |
| PLAINTIFF, § | | |
| § | | |
| v. § | CIVIL CASE NO. 3:19-CV-1466-N-BK | |
| § | | |
| EARLE CABELL FEDERAL COURT, § | | |
| ET AL., § | | |
| DEFENDANTS. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including findings and a recommended disposition. The Court granted Plaintiff Zaesliv H. Obama's motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous and Obama should be **SANCTIONED** based on her abusive and vexatious filing history.

**I.    BACKGROUND**

On June 20, 2019, Obama filed this *pro se* civil action against the Earle Cabell Federal Court, Walmart, the City of Dallas, the City of Fort Worth, and the Dallas County Sheriff's Department. Doc. 3 at 1. Although difficult to decipher, the complaint is plainly nonsensical. In it, she asserts the following:

> Defendant #1: Walmart Theft of person information, abused inside by President. Abused at work by those who used my name to commit other crimes
>
> Defendant #2: City of Dallas, sexual assault, theft of person, restroom assault, other assault & civil rights.

> City of Dallas commit abuse by law enforcement and other employees seeking to collect from events.
>
> Defendant #3: City of Fort Worth theft of person, murder for hire. Omissions of assault, theft, and sexual abuse.
> Abused by those who used events to collect, and [illegible word] attempted murder for hire.
>
> Defendant #4: Dallas County Sheriff's Department, Dallas County, Property, U.S. Army.
> A connection, and [illegible] to omit what occurred [illegible word] back from mail, crimes, places of every activity and restroom, transport [illegible word] abuse. Treated as the "person as if, I was bribed, and retaliation occurred. Bribery, perjury, and fraud of others and trumped up retaliation by those who owed and participated in claims to harm. In places and confinement, states.

Doc. 3 at 3 (misspellings and grammatical errors in original).

> Obama further alleges:
>
> 20 Torture (18 U.S.C. 2340A)
> 19 Genocide (18 U.S.C.UP 091)
> Amendment – November 9, 2017 and
> Before "Amendment Rule B11, B2
> Procedures and Manual of the Dallas
> County Bail Bond Board dated 10/10/13
> DCBBB Rule D, involving the Frank
> Crowley Courts Building – 133 N. Riverfront
> Boulevard, LB-31, Dallas TX 75207.
> Time was used as well as the Helath
> Care Reform Bill, and the othe[r] places of
> Events where the violations occurred. The
> Court denied me of a status to seal my documents.

Doc. 3 at 5 (misspellings and grammatical errors in original).

By this action, Obama requests "[t]he right to file and have the right to file my court proceedings without being abused by those who may have violated my rights and used my tax and employment, and places where I." Doc. 3 at 5.

As reflected in prior filings in this Court, Obama is also known as Shanta Y. Claiborne. *See Obama v. United States*, 3:19-CV-391-C-BN (N.D. Tex. May 16, 2019). During the past two years, she has filed at least 14 cases under the names of Shanta Claiborne and/or Zaesliv H. Obama.[1] While most actions have been dismissed for want of prosecution, two cases have been dismissed as frivolous and, in at least two other cases, the magistrate judge recommended dismissal for lack of subject matter jurisdiction or for failure to state a claim. *See Obama v. Internal Revenue Service,* No. 3:19-cv-1208-M-BK (N.D. Tex. June 12, 2019) (dismissing case as frivolous); *Claiborne v. Obama*, No. 1:17-cv-5482 (E.D.N.Y. Apr. 18, 2018) (dismissing case as frivolous); *Obama v. United States*, No. 3:19-cv-391-C-BN (N.D. Tex. May 16, 2019) (dismissing case for want of jurisdiction); *Claiborne v. State of Texas*, 3:16-cv-2713-N-BH (N.D. Tex. Apr. 13, 2017) (voluntary notice of dismissal filed after magistrate judge recommended that case be dismissed for failure to state a claim). In cause number 3:19-cv-1208-M-BK, the Court warned Plaintiff that if she persists in filing frivolous or baseless actions or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar her from bringing any further action.

**II.    ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in

---

[1] *See* PACER Case Locator available at https://pcl.uscourts.gov/pcl/index.jsf.

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Obama's apparent claims are legally and factually frivolous.

As is clear on the face of her complaint, Obama states no legal cause of action and her factual contentions are baseless and woefully inadequate to support any cognizable claim.  *See Denton*, 504 U.S. at 33.  Additionally, her conclusory allegations of assaults, thefts, torture, supposedly at the hands of the Defendants and their employees appear irrational and incredible.  Accordingly, Obama's complaint should be dismissed with prejudice as frivolous.

### III.   LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend her complaint prior to dismissal.  However, leave to amend is not required when plaintiff "has already pleaded [her] 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  For the reasons stated here, Obama's purported claims are fatally infirm.  Based on the most deferential review of her complaint and her filing history, it is highly unlikely that, given the opportunity, she could allege

4

cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## IV. IMPOSITION OF SANCTIONS

The Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993), and sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); FED. R. CIV. P. 11(b)(2)&(c)(1) (authorizing sanctions against *pro se* litigants). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A*., 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).

Based on Obama's filing history, her pattern of filing frivolous, vexatious actions or actions over which the Court lacks subject matter jurisdiction, she should be barred from filing future actions *in forma pauperis* in this Court.

## V. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff should also be **BARRED**

from filing future actions *in forma pauperis*.

      **SO RECOMMENDED** on August 23, 2019.

                                                                          RENEE HARRIS TOLIVER
                                                                 UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).